# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BRENDA ANN BRUBAKER, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:18-CV-246-TLS |
| CPS GRANT COUNTY, | |
| Defendant. | |

## OPINION AND ORDER

The Plaintiff, Brenda Ann Brubaker, has initiated a lawsuit against the Grant County Child Protective Services. (Compl., ECF No. 1.) After setting forth background facts related to custody decisions involving her granddaughter, the Plaintiff requests the following relief: "I want full custody of my grandchild, not be hassled by CPS." (*Id*. at 3.) The Defendant has filed a Motion to Dismiss [ECF No. 16] and supporting Memorandum [ECF No. 17]. The Defendant argues that dismissal is warranted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because the Plaintiff's suit is barred by the Eleventh Amendment, federal courts do not have jurisdiction over custody decisions, and the Plaintiff has failed to state a cause of action. In response [ECF No. 22], the Plaintiff asserts that she believes that her rights were violated, and that her complaint has merit. However, she accepts that the Eleventh Amendment and jurisdictional issues may not permit this federal Court to rule on the Grant County CPS's custody decision.

For the reasons stated in this Opinion and Order, the Defendant's Motion is granted.

## DISCUSSION

### A. The Complaint

The Plaintiff asks this Court to intervene in a state agency's custody decision regarding her grandchild, who was placed in foster care. She contends that, because she is a family member, CPS should have granted her custody instead. From what the Court can discern, the Plaintiff had temporary custody of her grandchild for eleven months in 2013. After the child's mother regained custody, CPS was required, as some point, to intervene. Although CPS attempted to place the child with another family member, the Plaintiff advised that this would place the child in harm. CPS then placed the child in foster care. After the child again went to her mother, then CPS, and then foster care, the Plaintiff attempted to convince CPS to place her granddaughter with her. This litigation is the Plaintiff's continued attempt to gain custody of her granddaughter. The Plaintiff alleges that her due process rights were violated in relation to the removal of her granddaughter from the Plaintiff's home in 2013. She does not seek monetary damages.

### B. Standard of Review

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). However, a court is not required to "consider subject matter jurisdiction over all other threshold matters," but may choose among threshold grounds for denying consideration of a case on its merits. *Meyers v. Oneida Tribe of*

*Indians of Wis.*, 836 F.3d 818, 821 (7th Cir. 2016) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999)). When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003).

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se complaints are to be liberally construed and are held to a less stringent standard than pleadings drafted by lawyers, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013), and a court may also consider facts alleged in a pro se plaintiff's brief in opposition to a motion to dismiss when considering the sufficiency of the complaint (if the facts are "consistent with the allegations in the complaint"), *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015), the factual allegations in the complaint must nevertheless be enough to raise a right to relief above a speculative level, *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Adams*, 742 F.3d at 728 (internal citations omitted).

### C. Jurisdictional and Other Threshold Issues

Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review or reverse orders issued in state court or state administrative proceedings. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); and then citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002)). Additionally, if the state agency decision is not yet final, a separate abstention doctrine prohibits federal courts from intervening in ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). However, both the *Rooker-Feldman* doctrine and *Younger* abstention "extend only to parties to ongoing state court litigation while specifically leaving non-parties free to pursue their claims." *Allen v. Allen*, 48 F.3d 259, 261 (7th Cir. 1995) (first citing *Leaf v. Sup. Ct. of Wis.*, 979 F.2d 589, 598 (7th Cir. 1992), then citing *Lynk v. LaPorte Superior Ct. No. 2*, 789 F.2d 554 (7th Cir. 1986)).

It does not appear from the Plaintiff's Complaint that she was a party to the CPS proceedings, so *Rooker-Feldman* would not be a bar. However, if she were not a party, her claims are still not properly in federal court under the "longstanding rule that domestic disputes involving divorce, custody or alimony issues are the province of state courts." *Allen*, 48 F.3d at 261 (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (setting forth the "domestic relations exception" to federal jurisdiction)).

If the Court assumes that the Plaintiff was a party to the state agency proceedings, *Rooker-Feldman* bars her claim. In essence, the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment." *Gilbert*, 591 F.3d at 900. The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* (citing *Kamilewicz v. Bank of Boston Corp.*, 92

4

F.3d 506, 510 (7th Cir. 1996)). "[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (internal quotations omitted).

The Plaintiff's request that the Court grant her full custody of her granddaughter and require that CPS not hassle her, is in contravention of the decision of the Grant County CPS. Her only alleged injury—not being allowed to have custody of her granddaughter—was "executed through a court order," meaning that "there is no conceivable way to redress the wrong without overturning the order of a state court." *Sykes v. Cook Cty. Cir. Ct. Probate Div.*, 837 F.3d 736, 743 (7th Cir. 2016). "*Rooker-Feldman* does not permit such an outcome." *Id.* Accordingly, this Court cannot consider the Plaintiff's requests for relief because it lacks jurisdiction to do so.

The Plaintiff references her due process rights, and a federal court is free to entertain claims that are independent of any state court proceedings. *Gilbert*, 591 F.3d at 900. However, "constitutional claims that are 'inextricably intertwined' with the state court judgments of necessity call upon the district court to review the state court decision and are thus beyond the district court's jurisdiction." *Edwards v. Ill. Bd. Of Admissions to Bar*, 261 F.3d 723, 729 (7th Cir. 2001) (first quoting *Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996); and then quoting *Dist. of Col. Ct. of App. v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). Here, the Court cannot discern any such independent claims from the Plaintiff's Complaint—at least not any that give fair notice of what the claim is and the grounds upon which it rests—that are not inextricably intertwined with the purported custody decision of the Grant County CPS.[1]

---

[1] To the extent the Plaintiff is alleging that the removal of her granddaughter from her home in 2013 was a due process violation, that claim would be time-barred. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (explaining that the statute of limitations is two years for a § 1983 claim alleging that the injury occurred in Indiana).

5

Moreover, CPS is a part of the Indiana Department of Child Services (DCS), *Townsley v. Marion Cty. Dep't of Child Servs.*, 848 N.E.2d 684, 686 (Ind. Ct. App. 2006), and DCS is a branch of the State of Indiana, *see* Ind. Code § 31–25–1–1. Accordingly, the Eleventh Amendment's principle of sovereign immunity apply. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996) (citing *Cory v. White*, 457 U.S. 85, 90 (1982)). Because the state has not waived its immunity and consented to the Plaintiff's suit, she cannot proceed with any other claims against CPS. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005).

In short, while the Plaintiff may believe that she has adequately stated a violation of her rights by the actions of Grant County CPS, and that these violations should be redressed and remedied by some other entity, this federal court does not have any such authority in the matter. Neither can the court reach the merits of any claim over which it might otherwise have original jurisdiction, as those claims are barred against the state agency Defendant as a matter of law.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendants' Motion to Dismiss [ECF No. 16]. Any motion for leave to amend the complaint is to be filed by March 18, 2019. If no motion is filed by that date, the Clerk is directed to close this case.

SO ORDERED on February 13, 2019.

        s/ Theresa L. Springmann
        CHIEF JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT